UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Yi Li,

Plaintiff,

v.

DONALD J. TRUMP, TRUMP CAMPAIGN STAFF,
WORLD MARKET CENTER, UNITED STATES
SECRET SERVICE, LAS VEGAS METROPOLITAN
POLICE DEPARTMENT (LVMPD), and
JOHN DOES 1-10,

Defendants.

Case No.: 2:25-cv-01336-GMN-NJK



**COMPLAINT**
**DEMAND FOR JURY TRIAL**
**SECOND AMENDED COMPLAINT**

Plaintiff, Yi Li, appearing pro se, brings this action against Defendants Donald J. Trump, Trump Campaign Staff, World Market Center, United States Secret Service, Las Vegas Metropolitan Police Department (LVMPD), and John Does 1-10, for violations of federal and state law arising from an incident on September 13, 2024, at a political rally held at the Expo at the World Market Center in Las Vegas, Nevada. Plaintiff alleges as follows:

# JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for claims arising under 42 U.S.C. § 1983, the First Amendment, Fourth Amendment, Bivens

v. Six Unknown Named Agents, 403 U.S. 388 (1971), and other federal laws.

2. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367, as they arise from the same nucleus of operative facts.

3. Venue is proper in the District of Nevada under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Las Vegas, Nevada.

## PARTIES

4. Plaintiff, Yi Li, is an individual residing in Sunrise Manor, NV. Plaintiff attended a public political rally on September 13, 2024, at the Expo at the World Market Center in Las Vegas, Nevada.

5. Defendant Donald J. Trump is an individual residing in Florida and was the principal of the 2024 Trump political campaign. On information and belief, Trump exercised direct control over campaign security policy and conduct and ratified or directed the type of treatment Plaintiff experienced at the rally. Based on Trump's extensive litigation history, particularly involving racial and ideological mistreatment claims, Plaintiff reasonably believes the type of discriminatory conduct encountered at the rally was encouraged, directed, or knowingly tolerated from the top levels of the campaign. Trump is sued in both his individual and supervisory capacities.

6. Defendant Trump Campaign Staff refers to the security personnel and campaign organizers, including John Does 1-3, who were employed or acting on behalf of the 2024 Trump political campaign at the event.

7. Defendant World Market Center is the venue operator of the Expo at the World Market Center in Las Vegas, Nevada, where the incident occurred.

8. Defendant United States Secret Service refers to federal agents, including John Does 4-5 (one light-skinned male and one dark-skinned male), who were present and involved in the incident.

9. Defendant Las Vegas Metropolitan Police Department (LVMPD) is a municipal law enforcement agency, including John Doe 6, an officer who committed the alleged battery and false arrest.

10. Defendants John Does 1-10 are unidentified individuals or entities who participated in or conspired to commit the acts described herein.

## FACTUAL ALLEGATIONS

11. On September 13, 2024, Plaintiff attended a public political rally at the Expo at the World Market Center in Las Vegas, Nevada, organized by the Trump Campaign. On information and belief, the security policies and removal procedures used at the rally were implemented or ratified by Defendant Donald J. Trump.

12. Plaintiff complied with all event directives, including arriving early, carrying no weapons, and adhering to the absence of a dress code. Plaintiff was visibly of a distinct racial background and had recently come from work, carrying work-related gear.

13. Despite Plaintiff's calm demeanor and compliance, Defendants' agents subjected Plaintiff to unlawful and discriminatory treatment, including harassment, assault, false imprisonment, false arrest, excessive force, and retaliation for protected speech.

14. **Harassment by Security (Trump Campaign Staff and World Market Cen-**

ter):

    (a) Security personnel made demeaning comments about Plaintiff's facial hair and clothing, despite no dress code.

    (b) Security removed Plaintiff from the rally without reason, claiming Plaintiff was "suspicious" without basis.

    (c) Other rally attendees engaging in similar activities (e.g., standing, charging phones, buying snacks) were not targeted, supporting an inference of racial discrimination.

15. **Criminal Assault with Lewd Intent and Invasion of Privacy (Trump Campaign Staff):**

    (a) A security officer hovered unexpectedly while Plaintiff charged their phone, demanded to see the phone screen, and aggressively postured.

    (b) The officer commented on Plaintiff's shirt being inside out, pointed at Plaintiff's waist, and forced Plaintiff to lift their shirt, exposing their abdomen, causing extreme discomfort.

16. **False Imprisonment (Trump Campaign Staff):**

    (a) Three security personnel surrounded Plaintiff, restricting movement despite Plaintiff's expressed willingness to comply with an unwarranted removal request.

    (b) Plaintiff requested police intervention due to the unlawful confinement.

17. **False Arrest and Battery (LVMPD Officer):**

    (a) Outside the venue, Plaintiff exercised free speech by neutrally stating,

"Just don't cry about it," ten feet or so away from the venue entrance while walking away.

(b) An LVMPD officer aggressively grabbed, shoved, and handcuffed Plaintiff without legal basis, detaining Plaintiff for approximately 20 minutes and issuing an unwarranted trespassing warning.

(c) The officer failed to activate their body-worn camera (BWC), violating LVMPD policy, supporting an adverse inference of misconduct.

18. **Excessive Force and Retaliation for Free Speech (LVMPD and Secret Service):**

    (a) The LVMPD officer's actions constituted excessive force and retaliation for Plaintiff's protected speech, violating Plaintiff's First and Fourth Amendment rights under 42 U.S.C. § 1983.

    (b) Secret Service agents directed campaign staff to target Plaintiff as "suspicious," contributing to the unlawful detention and search.

19. **Public Accommodation Harassment and Discrimination (World Market Center):**

    (a) The venue failed to prevent or address the discriminatory conduct, contributing to a hostile environment.

20. **Civil Conspiracy (All Defendants):**

    (a) Defendants conspired to violate Plaintiff's constitutional rights through coordinated actions, including unlawful detention, search, and harassment.

21. Plaintiff promptly notified the World Market Center to preserve evidence and sent a letter to the Secret Service on July 4, 2025, requesting preservation of records, including agent identities, communications, and surveillance footage.

22. LVMPD refused to accept Plaintiff's police report, creating a duty and breaching it, supporting a separate claim for systemic misconduct.

23. Plaintiff suffered emotional distress, humiliation, and physical discomfort, with damages estimated at approximately $10 million, based on comparative cases adjusted for inflation (e.g., Valenzuela v. City of Anaheim).

24. On information and belief, Trump either directed or condoned the removal of perceived protestors or disfavored individuals, including Plaintiff, based on appearance or perceived ideology. Numerous prior incidents and litigation establish a pattern of such conduct, including:

    - *Nwanguma v. Trump*, 903 F.3d 604 (6th Cir. 2018)

    - *Fields v. Trump*, 349 F. Supp. 3d 1078 (C.D. Cal. 2018)

    - *Galicia v. Trump*, Case No. 24961/2015 (N.Y. Sup. Ct.)

    - *Buck v. Trump*, 2022 WL 874426 (S.D. Ohio Mar. 24, 2022)

    - *Hendricks v. Trump*, 2023 WL 2745674 (N.D. Ga. Mar. 31, 2023)

These and other instances plausibly support the inference that Trump personally authorized or had knowledge of tactics involving the targeting, removal, and mistreatment of individuals based on viewpoint or appearance.

## CAUSES OF ACTION

25. **Count 1: Harassment (State Law)**

    Defendants Trump Campaign Staff and World Market Center harassed Plaintiff through demeaning comments and unwarranted removal, targeting Plaintiff's appearance and race.

26. **Count 2: Criminal Assault with Lewd Intent and Invasion of Privacy (State Law)**

    Defendant Trump Campaign Staff's actions in demanding to see Plaintiff's phone and forcing Plaintiff to expose their abdomen constituted assault and invasion of privacy.

27. **Count 3: False Imprisonment (State Law)**

    Defendant Trump Campaign Staff unlawfully restricted Plaintiff's movement, causing distress and humiliation.

28. **Count 4: False Arrest (State Law)**

    Defendant LVMPD falsely arrested Plaintiff without legal basis, detaining Plaintiff for exercising free speech.

29. **Count 5: Battery (State Law)**

    Defendant LVMPD's officer committed battery by grabbing, shoving, and handcuffing Plaintiff without justification.

30. **Count 6: Excessive Force and Retaliation for Free Speech (42 U.S.C. § 1983)**

    Defendant LVMPD violated Plaintiff's First and Fourth Amendment rights through excessive force and retaliation for protected speech.

31. **Count 7: Unreasonable Search and Seizure (42 U.S.C. § 1983)**

Defendants LVMPD and Secret Service conducted an unreasonable search and seizure, detaining Plaintiff without probable cause.

32. **Count 8: Public Accommodation Harassment (State Law)**

    Defendant World Market Center failed to ensure a non-discriminatory environment, violating public accommodation laws.

33. **Count 9: First Amendment Retaliation (42 U.S.C. § 1983)**

    Defendants LVMPD and Secret Service retaliated against Plaintiff for exercising free speech.

34. **Count 10: Intentional Infliction of Emotional Distress (State Law)**

    Defendants' actions caused severe emotional distress, with damages to be determined at trial.

35. **Count 11: Trespass to Person (State Law)**

    Defendants' physical contact and confinement constituted trespass to Plaintiff's person.

36. **Count 12: Invasion of Privacy (State Law)**

    Defendants' intrusive actions, including demanding access to Plaintiff's phone and forcing exposure of Plaintiff's body, violated Plaintiff's privacy.

37. **Count 13: Bivens Claim (Federal Law)**

    Defendant Secret Service agents violated Plaintiff's Fourth Amendment rights through unlawful detention and search, actionable under Bivens v. Six Unknown Named Agents.

38. **Count 14: Civil Conspiracy (42 U.S.C. § 1983 and State Law)**

    Defendants conspired to violate Plaintiff's constitutional and state law rights through coordinated misconduct.

39. **Count 15: Conspiracy with State Actors (42 U.S.C. § 1983)**

    Defendants Trump Campaign Staff and Secret Service conspired with LVMPD to deprive Plaintiff of constitutional rights.

40. **Count 16: Civil Intrusion Without Seclusion (State Law)**

    Defendants' intrusive actions constituted civil intrusion, causing Plaintiff harm.

41. **Count 17: Violation of Equal Protection (42 U.S.C. § 1983)**

    (Against LVMPD, Secret Service, Trump Campaign Staff, and Donald J. Trump) Defendants, acting under color of state law and in concert with one another, subjected Plaintiff to discriminatory treatment based on race, in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

42. Plaintiff, who is of a different racial background than every actor involved, was singled out and treated differently without lawful justification, including being harassed, removed, subjected to invasive conduct, detained, and arrested.

43. Defendants failed to take comparable action against similarly situated individuals of their own race who were engaging in the same or similar conduct as Plaintiff.

44. The differential treatment was intentional and based on racial animus, or was undertaken with deliberate indifference to Plaintiff's right to equal protection of the laws.

45. As a result, Plaintiff suffered physical harm, emotional distress, humiliation, and violation of constitutional rights, and is entitled to compensatory and punitive damages.

46. **Count 18: Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3))**

(Against Trump Campaign Staff, Secret Service, LVMPD, and Donald J. Trump) Defendants conspired to deprive Plaintiff of the equal protection of the laws and equal privileges and immunities under the law, in violation of 42 U.S.C. § 1985(3).

47. The conspiracy was motivated by racial animus and was carried out through coordinated actions, including the targeting, surveillance, removal, detention, and arrest of Plaintiff without lawful justification.

48. Defendants took overt acts in furtherance of the conspiracy, including making pretextual accusations, forcibly removing Plaintiff, unlawfully detaining Plaintiff, and failing to intervene to stop the discriminatory treatment.

49. As a direct result of the conspiracy, Plaintiff was deprived of constitutional rights and suffered emotional distress, humiliation, and other damages.

50. Plaintiff seeks compensatory and punitive damages, and such other relief as the Court deems just and proper.

## PRELIMINARY ESTIMATE OF FAULT DISTRIBUTION

53. Plaintiff estimates fault as follows:

    - World Market Center: 5%

    - Trump Campaign Staff: 5%

    - Donald J. Trump: 35%

    - LVMPD: 35%

    - Secret Service: 20%

## PRAYER FOR RELIEF

54. Plaintiff respectfully requests:

    (a) Compensatory damages in the amount of $11,000,000, subject to refinement;

    (b) Punitive damages to be determined at trial;

    (c) Injunctive relief requiring Defendants to preserve all evidence, including surveillance footage, communications, and agent identities;

    (d) Declaratory relief finding Defendants' actions unconstitutional and unlawful;

    (e) Attorneys' fees (if applicable) and costs;

    (f) Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

55. Plaintiff demands a trial by jury on all issues so triable.

## VERIFICATION

56. I, Yi Li, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

    Dated: July 23, 2025

    /s/ Yi Li

    Yi Li

    5230 E. Craig Rd. 420

Sunrise Manor, NV 89115

725-404-4279

yl.legal1000@gmail.com

12