UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Yi Li,<br><br>  Plaintiff(s),<br><br>v.<br><br>Trump Campaign Staff, et al.,<br><br>  Defendant(s). | Case No. 2:25-cv-01336-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 3] |

This is one of five cases that Plaintiff filed in quick succession.[1] Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 3.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Courts may look beyond an *in forma pauperis* application to determine an applicant's true financial condition. *O'Neal v. Denise*, 2018 WL 1100903, at *1 (D. Nev. Jan. 11, 2018) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1035, 1037 n.3 (11th Cir. 2004)), *adopted*, 2018 WL

---

[1] *See also Li v. The Siegel Group, Inc.*, Case No. 2:25-cv-01342-CDS-BNW (D. Nev. July 22, 2025); *Li v. North Las Vegas Police Department*, Case No. 2:25-cv-1348-APG-NJK (D. Nev. July 24, 2025); *Li v. Las Vegas Metropolitan Police Department*, Case No. 2:25-cv-01349-CDS-MDC (D. Nev. July 24, 2025); *Li v. Amazon.com, Inc.*, Case No. 2:25-cv-01381-RFB-DJA (D. Nev. July 28, 2025).

1092334 (D. Nev. Feb. 27, 2018). "Skepticism of [*in forma pauperis*] status is warranted when [*in forma pauperis*] plaintiffs wage aggressive litigation campaigns, especially in multiple cases simultaneously." *Olteanu v. Schneider*, 2025 WL 1880283, at *3 (D. Nev. May 6, 2025) (quoting *Abadi v. Target Corp.*, 2023 WL 6796558, at *8 (E.D. Penn. Oct. 13, 2023), *adopted*, 2025 WL 1603265 (D. Nev. June 5, 2025).

Plaintiff's application identifies $3,565 in gross pay from working at Amazon for 27 months, but represents elsewhere that Plaintiff's average monthly income has been only $2,677.14. *See* Docket No. 3 at 1-2.[2]  The application also identifies no future expected income, *see id.* at 1, even though Plaintiff states elsewhere that he expects to secure unemployment benefits or new employment, *see* Docket No. 3-1.  No explanation is provided as to these discrepancies as to past income or future income.  Moreover, Plaintiff's monthly expenses are significantly lower at only $1,582.28.  *See* Docket No. 3 at 5.  It is not clear how Plaintiff would have no money in savings given his years' long earnings that significantly exceed expenses, nor is it clear why Plaintiff would be deemed unable to pay the filing fee given that his expenses are less than his reported income.

Accordingly, the Court **DENIES** without prejudice Plaintiff's application to proceed *in forma pauperis*.  No later than January 2, 2026, Plaintiff must either (1) pay the filing fee or (2) file another long form application to proceed *in forma pauperis* and a separate written explanation as to how it is that he cannot pay the filing fee.  If Plaintiff chooses to renew his request to proceed *in forma pauperis*, he must ensure that his request is complete and accurate.  **Failure to comply with this order may result in dismissal.**  The Clerk's Office is **INSTRUCTED** to send Plaintiff the long form application to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated: December 8, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] This monthly income greatly exceeds amounts that have led to denial of *in forma pauperis* status.  *See, e.g.*, *Brunson v. Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying *in forma pauperis* status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019),

2