UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Yi Li,<br><br>          Plaintiff(s),<br><br>v.<br><br>Trump Campaign Staff, et al.,<br><br>          Defendant(s). | Case No. 2:25-cv-01336-GMN-NJK<br><br>**ORDER**<br><br>[Docket Nos. 10, 18, 22] |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

**I.    *In Forma Pauperis* Application**

Plaintiff filed an affidavit required by § 1915(a).  *See* Docket No. 22; *see also* Docket No. 18.  Although some concern remains, Plaintiff has for present purposes shown an inability to prepay fees and costs or give security for them.[1]  Accordingly, the most recent application to proceed *in forma pauperis* (Docket No. 22) will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further **INSTRUCTED** to file the second amended complaint (Docket No. 10 at 3-13) on the docket.

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).[2]  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

---

[1] The Court may revisit this issue in the future if warranted by the circumstances.  *See, e.g.*, *Wiideman v. Harper*, 754 F. Supp. 808, 809 (D. Nev. 1990) (explaining that the "court may retroactively require plaintiff to pay fees and costs if his financial situation has improved"); *see also* 28 U.S.C. § 1915(e)(2)(A).

[2] Plaintiff's most recent pleading is set forth through a motion for leave to amend. Docket No. 10.  The Court addresses that motion vis-à-vis the screening procedures that apply to this case.

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Pursuant to Rule 8, litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Courts routinely reject so-called "shotgun pleadings" in which causes of action are predicated on vague reference to the earlier factual allegations. *See, e.g.*, *Lopez v. Iaela-Tokugawa*, 2025 WL 3164232, at *2 (D. Nev. Aug. 6, 2025), *adopted*, 2025 WL 3162016 (D. Nev. Nov. 10, 2025). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*,

2

*Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

Plaintiff's second amended complaint fails to comply with Rule 8. Plaintiff alleges that he attended a political rally for then-candidate Donald Trump at the World Market Center, during which he alleges that he was demeaned and removed from the event by staff persons. *See* Docket No. 10 at ¶¶ 11-14. Plaintiff alleges that these actions were taken based on race. *See id.* at ¶ 14(c). Plaintiff alleges that he was then aggressively shoved by a police officer outside the event. *See id.* at ¶ 17. Plaintiff alleges that Secret Service agents directed campaign staff to target Plaintiff. *See id.* at ¶ 18(b). Plaintiff alleges that the owner of the venue failed to prevent discriminatory conduct. *See id.* at ¶ 19. Plaintiff alleges that Defendants conspired against him. *See id.* at ¶ 20. Plaintiff alleges that he has suffered damages in the amount of $11,000,000. *See id.* at ¶ 22.

From these conclusory assertions, Plaintiff then attempts to bring 18 different state and federal causes of action. *See id.* at ¶¶ 18-51. The recitation of the causes of action often consists of the identification of the claim brought, followed by a legal conclusion that one or more defendants violated Plaintiff's rights.[3] Reciting legal conclusions does not comply with Rule 8, *Iqbal*, 556 U.S. at 678, and such shotgun pleadings do not comply with Rule 8, *Apothio*, 599 F. Supp. 3d at 1000. Moreover, while the claims sometimes identify a particular defendant or defendants against whom a particular claim is meant to be brought, it at other times simply references "defendants" without specification. *See id.* at ¶ 37 ("Defendants' intrusive actions, including demanding access to Plaintiff's phone and forcing exposure of Plaintiff's body, violated Plaintiff's privacy"). Lumping together different defendants in this manner does not comply with

---

[3] For example, the second amended complaint provides as follows:

> 4.4 - Count 4 - False Arrest State Law
>
> 30. Defendant LVMPD falsely arrested Plaintiff without legal basis, detaining Plaintiff for exercising free speech.

Docket No. 10 at ¶ 30. No further elaboration is provided as to this false arrest claim.

Rule 8. *See, e.g.*, *Cai v. Enterprise Leasing Co.-W. LLC*, 2024 WL 810885, at *2 (D. Nev. Feb. 27, 2024) (collecting cases).

In short, the second amended complaint does not comply with Rule 8 and is subject to dismissal on that ground. Although it appears Plaintiff may well have difficulty stating a claim in this case,[4] the Court will provide leave to amend.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 22) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The earlier application to proceed *in forma pauperis* (Docket No. 18) is **DENIED** as moot.

3. The Clerk's Office is **INSTRUCTED** to file the second amended complaint (Docket No. 10 at 3-13) on the docket.

4. Plaintiff's motion for leave to file a second amended complaint (Docket No. 10) is **DENIED** and Plaintiff's second amended complaint is **DISMISSED** with leave to amend. Plaintiff will have until **January 30, 2026**, to file a third amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a

---

[4] The Court focuses herein on the Rule 8 violations, but there are other apparent problems with the second amended complaint. By way of example, Plaintiff names governmental entities and then-candidate Donald Trump as Defendants, but these types of claims generally cannot be made on a *respondeat superior* theory. *See, e.g.*, *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Because the second amended complaint does not comply with Rule 8, however, the Court leaves the other issues for another day.

general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

5. **Failure to file a third amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: January 8, 2026

Nancy J. Koppe
United States Magistrate Judge

5