**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YI LI,<br><br>Plaintiff,<br>vs.<br><br>TRUMP CAMPAIGN STAFF, *et al.*,<br><br>Defendants. | Case No.: 2:25-cv-01336-GMN-NJK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 34), of United States Magistrate Judge Nancy J. Koppe, which recommends dismissal of Plaintiff Yi Li's Third Amended Complaint, (ECF No. 33). Specifically, the R&R recommends that the Court (1) dismiss Plaintiff's federal causes of action with prejudice and (2) dismiss Plaintiff's state law causes of action without prejudice to refiling in state court. (R&R 6:22–24). The R&R explains that Plaintiff's federal claims are impermissibly conclusory, and if the federal claims are dismissed, the Court does not have jurisdiction over the state law claims. (*Id.* 3:13–6:20).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. LR IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(b). Plaintiff filed an Objection, (ECF No. 35), and an Amended Objection, (ECF No. 36), before the deadline set by the R&R. Because Plaintiff is proceeding pro se, and because the two

separate filings assert the same objections, the Court exercises its discretion to consider the arguments in both filings.

The R&R characterizes the Third Amended Complaint as a "shotgun pleading that continues to rest on conclusory factual allegations that fail to state a claim." (R&R 6:11–12). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–58 (2007) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)). This standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

Having reviewed the Third Amended Complaint, the Court likewise finds that Plaintiff's federal causes of action (labeled as Count I, Count II, Count III, and Count VII) fall short of the pleading standards. One claim merely asserts that Defendants "acted jointly," (Third Am. Compl. ¶ 48), which is not a standalone cause of action. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (explaining that a court may apply the "joint action test" to determine whether a private party acted under color of state law). For the remaining three federal claims, Plaintiff fails to provide any factual allegations to support his legal conclusions. Plaintiff asserts that law enforcement officers detained him "without reasonable suspicion or probable cause" in retaliation for his "protected expression," but he never describes his actions or other events before the confrontation with law enforcement, other than to say that he was acting "lawfully" and "in a non-disruptive manner." (Third Am. Compl. ¶¶ 11–12, 40, 46). These meager factual allegations do not allow the Court to "draw the reasonable inference" that Defendants are "liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Objections, which merely reiterate the minimal factual content of the Third Amended Complaint under the label of "specific factual allegations," fail to salvage his claims.

(Obj. at 1). The Court therefore DISMISSES Plaintiff's federal claims.

Plaintiff will not be given leave to amend in this Court. Magistrate Judge Koppe twice warned him that his allegations improperly recited legal conclusions without a factual basis, yet the Third Amended Complaint suffers from the same defects. (*See* Order re Sec. Am. Compl., ECF No. 23); (Order re Mot. Leave Amend, ECF No. 30). In addition, although Magistrate Judge Koppe denied Plaintiff's Motion for Leave to File a Fourth Amended Complaint, Plaintiff nevertheless filed a Fourth Amended Complaint several months later. (*See* Order Den. Leave, ECF No. 39); (Fourth Am. Compl., ECF No. 41). The Fourth Amended Complaint does not address the flaws identified by the R&R, which confirms that leave to amend would be futile.

Finally, having dismissed Plaintiff's federal claims, and finding no diversity jurisdiction in the Third Amended Complaint, the Court declines to exercise supplemental jurisdiction over the remaining state law claims (labeled as Count IV, Count V, and Count VI). The Court DISMISSES those claims without prejudice to refiling in state court.

Accordingly,

///

////

///

///

///

///

///

///

///

///

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 34), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's federal claims, labeled as Count I, Count II, Count III, and Count VIII, are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's state law claims, labeled as Count IV, Count V, and Count VI, are **DISMISSED without prejudice to refiling in state court.** Plaintiff may not file another Complaint in this Court about the same incident.

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amended Complaint, (ECF No. 41), is **STRICKEN** as an unauthorized filing.

The Clerk of Court is kindly directed to close the case.

**DATED** this __4__ day of November, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT